JONES et al, Respondents, v. LANGE, Appellant.

(207 N. W. 463.)

(File No. 5601.  Opinion filed February 24, 1926.)

1. **Specific Performance—Vendor and Purchaser—Plaintiff Held Entitled to Specific Performance of Agreement to Sell Land.**

   Plaintiff **held** entitled to specific performance of agreement to sell land, where he tendered cash and mortgage as required within period of grace, which, under the agreement properly construed, referred to right to exercise option, as well as making of other payments, and defendant did not exercise his option to declare agreement forfeited.

2. **Time—Tender—Contracts—Where a Period of Grace Expired on Sunday, a Tender Made on Next Day Was Good (Rev. Code 1919, Sec. 24).**

Where period of grace, fixed by contract, expired on Sunday,
a tender of payment and mortgage as required thereby, made
on the next day, was in time, in view of Rev. Code 1919,
Sec. 24.

Appeal from Circuit Court, Pennington County; HON. WAL-
TER G. MISER, Judge.

Action for specific performance by Arthur Jones and another
against George Henry Lange. From the judgment for plaintiffs
and order denying new trial, defendant appeals. Affirmed.

*Bangs & Wood, Turner M. Rudesill,* and *Williams, Sweet &
Tscharner,* all of Rapid City, for Appellant.

*Schrader & Lewis,* of Rapid City, for Respondents.

(1) To point one of the opinion, Respondent cited: Pierre
v. Lee, 14 S. D. 600; Keith v. Ferguson, 20 S. D. 473; Boone
v. Tempelman, 158 Cal. 290, 139 A. S. R. 126; Ganghar v. Kerr,
99 Ia. 214, 68 N. W. 694.

(2) To point two, Appellant cited: Herman v. Winter, 105
N. W. 457; Hanschka v. Vodopick, 108 N. W. 28; Gira v. Harris,
86 N. W. 624.

GATES, P. J. This action was begun May 7, 1921, for the
specific performance of the following contract:

"This contract and agreement made and entered into this
25th day of March, 1916, by and between George Henry Lange of
Rapid City, South Dakota, party of the first part and Arthur
Jones of Rapid City, South Dakota, party of the second part,
witnesseth: That the party of the first part does hereby agree to
sell to the party of the second part the following described land,
to wit: The west half of the southeast quarter of section twenty-
four (24) and the west half of the northeast quarter of section
twenty-five (25) township one (1) south, range eight (8) east,
B. H. M., and does hereby deliver to the party of the second part
the possession of said premises with all of the appurtenances
thereunto belonging upon the conditions and provisions herein-
after specified:

"(1) This contract may continue for a period of five years
from date hereof.

"(2) Within that time the second party shall pay to the first
party the sum of two thousand dollars ($2,000) in cash, where-

upon the first party agrees to deliver to the second party a good
and sufficient warranty deed conveying to the second party the
land above described, free and clear of all incumbrance. At the
same time the second party is to make, execute, and deliver to
the party of the first part his promissory note for the sum of eight
thousand four hundred ($8,400) dollars, payable on or before
five years from the date thereof secured by a first mortgage on
the said real property. Both the note and the mortgage to be
executed not only by the party of the second part, but by his wife
as well, if she be then living.

"(3) The second party is to immediately enter into the pos-
session of the said premises upon the execution of this contract.
During the life of this contract he agrees to pay to the party of
the first part the sum of three hundred twelve (312) dollars on
the 25th day of March and the further sum of three hundred
twelve (312) dollars on the 25th day ow September of each and
every year and until the consummation of the sale and payment
and deed as hereinbefore specified. The second party also agrees
during the life of this contract to pay all taxes which may be as-
sessed against said real property before the same becomes delin-
quent, and to promptly pay all assessments, fees, and charges inci-
dent to the water rights appurtenant to the said real property;
to keep all buildings, fences, ditches, and the land in a good hus-
bandlike manner, and to feed on the place all of the rough hay
raised thereon.

"(4) It is agreed and understood between the parties here-
to that a failure of the second party to make any of the payments
aforesaid within thirty days from the time the same shall become
due will at the option of the first perty operate as a forfeiture
of the second party's rights under this contract, and in that event
all payments theretofore made whether of interest, taxes, assess-
ments, charges, etc., shall be treated as liquidated damages and as
rental for the premises, and in that event the second party hereby
agrees to surrender possession of the premises to the party of the
first part within thirty days after notice of such forfeiture, the
same to be surrendered in at least as good condition as they are
now in, reasonable wear and tear excepted.

"Signed in duplicate at Rapid City, South Dakota, this 25th
day of March, 1916. George Henry Lange, Party of the First
Part. Arthur Jones, Party of the Second Part."

The trial court decreed specific performance, and defendant appeals from the judgment and from an order denying new trial.

In 1919, Jones made a conditional assignment of the contract to Brainard and Hunt and placed it with a deed for other land in escrow in a bank until certain conditions were complied with. Thereafter Hunt released his interest to Brainard. After this action was begun and before trial, it appeared, pursuant to supplemental complaint and proof, that the conditions in the contract between Jones and Brainard had not been complied with, and Brainard reassigned the contract in suit to Jones. Jones took immediate possession of the land upon the making of this contract, and has at all times been in such possession, except during the period between 1920 and 1922 when Brainard was in possession. During that period Brainard made valuable permanent improvements, in that he broke about 100 acres of sod and cultivated and seeded the same to alfalfa.

On March 24, 1921, the day before the expiration of the 5-year period mentioned in paragraphs 1 and 2 of the contract, Jones, believing that Brainard could not comply with the contract between them, went to Lange, and told him that in that event he was going to be ready to comply with the terms and conditions of the contract in suit, to which Lange replied, "You had better wait; I think he will come through all right." On April 25, 1921 (the preceding day being Sunday), Jones tendered Lange $2,000 and note and mortgage for $8,400 and demanded deed, which was refused. The tender has been kept good.

It is chiefly urged by appellant that the above agreement was, aside from the lease feature, merely an option; that in option contracts time is necessarily of the essence of the contract; and that the tender came too late. On respondent's behalf it is urged that the agreement was not a mere option, but one of bargain and sale.

[1, 2] We are of the opinion that it is immaterial which kind of a contract it is, because even if it is an option contract a grace of 30 days was given, and furthermore it would seem to be the intent of the agreement that the right of the second party to comply with it was not to be terminated until the first party had exercised his option so to declare even after the 30-day period. See paragraph 4 of contract. It is a fair interpretation of the

contract that this provision refers as well to the right of second party to exercise his option as it does to the rental or other payments. Lange has never elected to declare the contract forfeited, and Jones did tender the money, note, and mortgage within the 30-day period. The 30th day being Sunday, the tender on the next day was in time. Rev. Code 1919, § 24.

We are of the opinion that a denial of specific performance by the trial court in this case would have produced inequitable and unconscionable results.

The judgment and order appealed from are affirmed.

SHERWOOD, J., not sitting.